IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
NOV 16 2021
ARTHUR JOHNSTON
BY _____ DEPUTY

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 1:21CR137-LG-RPM

BOBBIE JEAN PORTER and  21 U.S.C. § 846
ANTHONY LETOINE GILLIN  21 U.S.C. § 841
 18 U.S.C. § 922(g)(1)

**The Grand Jury charges:**

## COUNT 1

That beginning at least as early as October 2021 and continuing up to November 2, 2021, in Pearl River County and elsewhere, in the Southern Division of the Southern District of Mississippi, the defendants, **BOBBIE JEAN PORTER and ANTHONY LETOINE GILLIN**, did knowingly conspire with each other and others both known and unknown to the Grand Jury, to possess with intent to distribute Fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

In violation of Title 21, United States Code, Section 846.

## QUANTITY OF CONTROLLED SUBSTANCES INVOLVED IN THE CONSPIRACY

With respect to **BOBBIE JEAN PORTER**, the amount involved in the conspiracy attributable to her as a result of her conduct, and the conduct of other conspirators reasonably foreseeable to her, is 40 grams or more of a mixture or substance containing a detectable amount of Fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(b)(1)(B).

With respect to **ANTHONY LETOINE GILLIN**, the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him, is 40 grams or more of a mixture or substance containing a detectable amount of Fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(b)(1)(B).

## COUNT 2

On or about November 1, 2021, in Pearl River County, in the Southern Division of the Southern District of Mississippi, the defendant, **BOBBIE JEAN PORTER**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of Fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C); and Title 18, United States Code, Section 2.

## COUNT 3

On or about November 1, 2021, in Pearl River County, in the Southern Division of the Southern District of Mississippi, the defendant, **ANHTONY LETOINE GILLIN**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of Fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C); and Title 18, United States Code, Section 2.

## COUNT 4

On or about November 1, 2021, in Pearl River County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **BOBBIE JEAN PORTER**, knowing she had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, and the firearm was in and affecting commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

As a result of committing the offenses as alleged in this Indictment, the defendant(s) shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds obtained directly or indirectly from the offenses, and all property used to facilitate the offenses.

The grand jury has determined that probable cause exists to believe that the following property is subject to forfeiture as a result of one or more of the offenses alleged in this indictment:

1) **One (1) Glock 9mm pistol, and any magazines and ammunition.**
2) **United States Currency in the amount of $3,500.00.**

Further, if any property described above, as a result of any act or omission of the defendant(s): (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendant, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Title 21, United States Code, Section 853; Title 18, United States Code, Section 924(d)(1); and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

s/signature redacted
Foreperson of the Grand Jury

DARREN J. LAMARCA
Acting United States Attorney

This indictment was returned in open court by the foreperson or deputy foreperson of the Grand Jury on this the 16th day of November 2021.

UNITED STATES MAGISTRATE JUDGE